# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| | § | CASE NO. 4:09CR118 |
| v. | § | |
| | § | |
| ISRAEL GONZALEZ | § | |

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE DENYING DEFENDANT'S MOTION TO SUPPRESS ORAL STATEMENTS

This matter having been referred by the Honorable Richard A. Schell, the Court has considered Defendant's Motion to Suppress Oral Statements (Dkt. 40). After considering the evidence presented and the arguments of counsel at the hearing held on March 1, 2011, the Court finds that the motion should be denied.

Defendant is charged in this matter with possession with the intent to distribute cocaine, conspiracy to possess with the intent to distribute cocain and conspiracy to possess with intent to manufacture and distribute methamphetamine, in violation of Title 21, United States Code, Section 846. In his motion, he seeks to suppress any oral statements he made after his July 2, 2009 arrest, arguing that they were involuntary and taken in violation of his Fifth, Sixth and Fourteenth Amendment rights.

1

## FACTUAL BACKGROUND

On July 2, 2009, Defendant was arrested at his residence in Duncanville after a federal warrant was issued for his arrest. According to the Government, he was arrested without incident and read his *Miranda* rights. At this time, Defendant requested an attorney.

The Government alleges that, after being administered his rights, Defendant told the agents processing his paperwork that he had previously contacted an attorney to try to cooperate with law enforcement to provide information about drug trafficking in the Dallas area. At this time, Defendant also allegedly told agents that he had 100 kilograms of cocaine and over $700,000.00 at his residence in Duncanville one month prior to his arrest. The Government claims that Defendant told agents that he wanted to help law enforcement because his brother had recently been shot and he felt that his family was being used by the drug cartel. Defendant now seeks to suppress these statements.

## EVIDENCE PRESENTED

At the hearing held on March 1, 2011, the Government offered the testimony of Agent Richard Martinez and Agent Keynevanh Sayasone, both with the Drug Enforcement Agency. Defendant did not offer any testimony or evidence.

Agent Martinez testified that, on July 2, 2009, he observed Defendant leaving a residence located at 514 Woodhaven in Duncanville, Texas, and Defendant was arrested pursuant to a warrant. Agent Martinez stated that, after he read Defendant his *Miranda* warnings, Defendant requested counsel. Martinez testified that he read the *Miranda* warnings directly from the 13-A card, which

2

he read aloud into the record. From the time he was arrested until time he was read his rights, Martinez testified, he had no discussions with Defendant. Martinez testified that Defendant appeared to understand the warnings, did not appear to be under the influence of any drugs, and was able to respond to requests and questions appropriately.

Martinez testified that, when Defendant invoked counsel, he ceased any interrogation of Defendant but continued the book-in process. While Defendant was being booked in (and after being read his *Miranda* warnings), he told Martinez that he worked for drug cartels and was tired of being bossed around by cartels, and he expressed an interest in assisting the DEA with drug-related investigations. Defendant then offered various statements regarding his knowledge of illegal drug activity in the surrounding area. Martinez testified that Defendant was not denied access to food or bathroom or otherwise coerced while offering this assistance.

Agent Keynevanh Sayasone also testified at the suppression hearing. He assisted Agent Martinez on the evening of Defendant's arrest. He corroborated Martinez's testimony regarding the administration of *Miranda* rights to Defendant and Defendant's subsequent statements and expressions of desired cooperation with law enforcement. Sayasone testified that, after he began cooperating, Defendant never again asked for an attorney and was not promised anything in exchange for his cooperation. Like Martinez, Agent Sayasone testified that Defendant cooperated freely and voluntarily and was not coerced into offering the statements given post-*Miranda* warning.

The Fifth Amendment protects an individual's right to be free from compelled self-incrimination. Thus, the Government may use at trial only those confessions that are voluntarily made. 18 U.S.C. § 3501(a); *Malloy v. Hogan*, 378 U.S. 1, 6, 84 S. Ct. 1489, 12 L. Ed. 2d 653 (1964). To protect this right, statements obtained during a custodial interrogation of an accused cannot be used unless the accused has been advised of his right to remain silent and right to counsel. *Miranda v. Arizona*, 384 U.S. 436, 473 (1966). The requirement of *Miranda* that police advise an accused of his rights prior to questioning applies only if the accused is "in custody or otherwise deprived of his freedom of action in any significant way." *Id*. at 445; *Stansbury v. California*, 511 U.S. 318, 322, 114 S.Ct. 1526, 128 L.Ed.2d 293 (1994). The determination of whether a person is in custody for *Miranda* purposes must be made on a case-by-case basis considering all the objective circumstances. *Stansbury*, 511 U.S. at 323, 114 S.Ct. 1526. A suspect is "in custody" for the purposes of *Miranda* "when placed under formal arrest or when a reasonable person in the suspect's position would have understood the situation to constitute a restraint on freedom of movement of the degree which the law associates with formal arrest." *United States v. Courtney,* 463 F.3d 333, 337 (5th Cir. 2006) (quoting *United States v. Bengivenga*, 845 F.2d 593, 596 (5th Cir. 1988)).

Having heard the evidence presented, the Court finds that Defendant's statements were made freely and voluntarily after his arrest. Defendant does not contest that officers read him his *Miranda* warnings, and the statements he seeks to suppress were made after such warnings were administered. While Defendant did request counsel, he later expressed a desire to cooperate with law enforcement.

Both Agents Martinez and Sayasone testified that Defendant was not coerced in making the statements and appeared to understand the warnings given. Without any other evidence or argument to explain that the statements were not voluntarily given, the motion to suppress should be DENIED and Defendant's statements shall be admissible against him.

## RECOMMENDATION

The Court recommends that Defendant's Motion to Suppress Oral Statements (Dkt. 40) be DENIED.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(c).

Failure to file written objections to the proposed findings and recommendations contained in this report within the time period set forth above shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 1st day of March, 2011.**


_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE